Mr. Chief Justice Shepard
delivered the opinion of the Court:
This is an appeal from a decree directing compliance with an accepted offer of purchase at a judicial sale.
The undivided interest of William W. Breneman in certain lots of land in the city of Washington was offered for sale by J. Miller Kenyon and Daniel W. O’Donoghue, trustees, on July 26, 1910, and declared sold to George W. Marsh, who made a deposit of $200 to secure his said bid. The decree directing *575 the sale was regularly made in a cause pending in the equity court, the proceedings in which are shown in the report of the same on appeal to this court. Breneman v. Herdman, 35 App. D. C. 27. Marsh petitioned the equity court to annul the sale and direct the return of his deposit, alleging that notice was given that the title was good; that he purchased in reliance thereon; that he has since discovered that the title is not good, being based upon a pretended title by adverse possession under a notoriously defective tax deed.
The sworn answer of the trustees avers that the title was announced good by them at the sale, but there was no statement that the title was good of record. They say that the title is good in the Breneman heirs—the interest of one of whom was the subject-matter of the sale—by adverse possession under tax deeds to their grandfather in 1839. This adverse possession has been continuous and undisturbed for more than seventy years, and constitutes a good marketable title. That the title was good by adverse possession was not denied by the purchaser.
His contention respecting the character and form of the decree requires no discussion. The principle is well established that a purchaser, under ordinary conditions, will not be compelled to accept a title that is not good. McCaffrey v. Little, 20 App. D. C. 116-121.
But it is not necessary that a title to be good shall be what is called a good record title. A title is good if it has been acquired by adverse possession under such circumstances, and for such length of time, as to render it indefeasible at law or in equity. Block v. Ryan, 4 App. D. C. 283-287. There can be no doubt that the adverse possession in this case constituted such a title.
The decree is right, and is affirmed, with costs.

Affirmed.